(115 App. Div. 40)

### HERZIG v. NEW YORK COLD STORAGE CO.

(Supreme Court, Appellate Division, Second Department.   September 28, 1906.)

1. WAREHOUSEMEN—CARE OF MERCHANDISE—NEGLIGENCE.
Where plaintiff delivered muskrat skins to defendant in good condition, and defendant undertook to preserve the skins in their then condition, for which it was to receive the usual compensation, and when the skins were withdrawn from the cold storage warehouse, they were found to be badly damaged, necessitating extra labor to save them from entire destruction, defendant was liable for the damage, unless it resulted from causes for which defendant was not responsible.
[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Warehousemen, §§ 48–54.]

2. SAME—LIMITED LIABILITY.
Where a warehouse receipt provided that perishable goods were received only at the owner's risk, such provision did not exempt the warehouseman from liability for its own negligence.
[Ed. Note.—For cases in point, see vol. 48, Cent. Dig. Warehousemen, §§ 48–54.]

Appeal from Trial Term, Queens County.

Action by Simon Herzig, as sole surviving partner of the firm of Herzig Bros., against the New York Cold Storage Company. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS. MILLER, and GAYNOR, JJ.

George C. De Lacy, for appellant.

Abram I. Elkus (Joseph M. Proskauer, on the brief), for respondent.

WOODWARD, J. The objections urged to the judgment in this case seem to us fanciful rather than real; the case having been apparently tried with care, and with a conscientious endeavor to get at the facts. The plaintiff, as surviving partner of the firm of Herzig Bros., brings this action to recover the damages alleged to have been sustained by reason of the negligence of the defendant in caring for certain muskrat skins which were intrusted to it for cold storage. The evidence is sufficient to justify a jury in finding that, in the spring and early summer of 1903, the plaintiff's firm delivered several bales of muskrat skins to the defendant in good condition, and that the latter undertook to preserve such skins in their then condition, for which it was to receive the fair and usual compensation; that when these skins were withdrawn from the cold-storage warehouse they were found to be in a badly damaged condition, necessitating much extra labor to save them from entire destruction, and the verdict is for the damages shown to have been sustained. Under this state of facts the defendant was undoubtedly liable to the plaintiff (Wilson v. Linde Co., 47 App. Div. 327, 62 N. Y. Supp. 69; Sutherland v. Albany Cold Storage Co., 171 N. Y. 269, 63 N. E. 1100), unless the defendant was prepared to show that the damages resulted from causes for which it was not responsible, and the evidence in this case does not meet this requirement.

It is urged that the warehouse receipt, which provided that "perishable goods are received only at the owner's risk," limits and measures the defendant's liability; but we are clearly of opinion that the law is established in this state that such a provision does not exempt the defendant from liability for its own negligence. It is not necessary here to say just how far such a provision would operate to limit liability, but the cases are uniform in holding that in the absence of express and unequivocal language extending to negligence, such a clause does not exempt a bailee for hire from discharging the duty he owes to use reasonable care. That is the essential element of the contract, that the bailee will use reasonable care to preserve the goods intrusted to his care, and if he proposes to be exempt from the discharge of this part of the obligation, it must be done in language which cannot be mistaken, and which gives full notice of the exception to the natural import of the contract. It cannot be presumed that prudent business men would intrust valuable property to the keeping of men or corporations and agree to pay them for keeping the same, at the same time

exempting them from the obligation of using reasonable care, and, unless the language is express and certain, the courts will not permit of such an abuse.   We have examined the exceptions urged, but do not find that the defendant has been prejudiced by any of the rulings of the court.

The judgment and order appealed from should be affirmed, with costs.   All concur.