BUFFALO GRAIN COMPANY, Respondent, *v.* GEORGE F. SOWERBY, as President of the WESTERN ELEVATING COMPANY et al., Appellants, Impleaded with Others.

**Warehousemen — liability to owner of goods — duty of making inspection of buildings to see that they are in safe and proper condition.**

Where grain received at an elevator on storage is destroyed, no demand is necessary before bringing suit.

A warehouseman is liable for any loss or injury to goods, caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but is not liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care.

A warehouseman, therefore, in the exercise of reasonable care, owes a duty to his patrons of making reasonable inspection from time to time to see that the building remains safe and in proper condition.

One of the defendants was owner of an elevator operated by the other defendant, an association. Grain received by the association from plaintiff was destroyed by the collapse of the elevator. *Held,* that a verdict against the association operating the elevator was not inconsistent with a verdict in favor of the owner.

*Buffalo Grain Co.* v. *Sowerby,* 125 App. Div. 897, affirmed.

(Argued May 3, 1909; decided May 11, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 14, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Spencer Clinton* and *De Witt Clinton* for appellants. It is the intendment of the law that a general verdict settles, in favor of the prevailing party, every question of fact litigated upon the trial. (*Wolf* v. *T. G. F. Ins. Co.*, 43 Barb. 400; 41 N. Y. 620; *People ex rel. Hanrahan* v. *Board of Police*,

35 Barb. 644; 14 Abb. Pr. 151; *Van Pelt* v. *Otter*, 2 Sweeney, 202.)

*Adolph Rebadow* for respondent. The verdict of the jury in favor of Wheeler affords no ground for a reversal of the judgment rendered in favor of respondent against the appellant association. (*Hyatt* v. *N. Y. C. R. R. Co.*, 6 Hun, 306; *Gray* v. *B. H. R. R. Co.*, 72 App. Div. 454; *People* v. *Monroe*, 190 N. Y. 436; *Beal* v. *Finch*, 11 N. Y. 128; *Zimmer* v. *T. A. R. R. Co.*, 36 App. Div. 265; *Andrews* v. *Murray*, 33 Barb. 354; *Wehl* v. *Butler*, 61 N. Y. 247; *Dyett* v. *Hyman*, 129 N. Y. 359; *Russell* v. *McCall*, 141 N. Y. 450; *Wallace* v. *T. A. R. R. Co.*, 36 App. Div. 57.) Appellant is chargeable for the value of the grain in storage, for which no receipt was issued, the elevating charges thereon having been paid to the association. (*Titsworth* v. *Winnegar*, 51 Barb. 158; Story on Bailments [9th ed.], 445.)

HAIGHT, J. This action was brought to recover the value of a quantity of barley, of the conceded value of $54,208.89, which was stored in the Ontario Elevator, in the city of Buffalo, and destroyed by the collapse of the elevator.

The defendant, the Western Elevating Association and George F. Sowerby Company, was an unincorporated association, consisting of seven or more persons organized and having its office and place of business in the city of Buffalo, and was engaged in the storage of grain in the elevators in that city, which were subject to its management. The association had under its control all but three of the elevators of the city, under an agreement with the owners, by which all earnings for the elevating and storage of grain during a period specified were to be collected by the association and after deducting and paying the expenses of the association the net earnings were to be divided among the several elevator proprietors *pro rata* according to the percentages allotted to each. The grain in question had been received by the defendant and placed in the Ontario Elevator and a warehouse receipt had been issued therefor, except as to one cargo which had been received

and stored in the elevator a day or so before the collapse of the elevator, for which the person in charge of the elevator had given a receipt which entitled the owner, upon demand, to receive from the association a warehouse receipt therefor.

Upon the trial the chief question litigated was as to the cause of the collapse of the elevator, and as to whether the defendant was guilty of negligence with reference thereto. That question was submitted to the jury, and a verdict was rendered in favor of the plaintiff for the value of the grain against the association, and the judgment entered thereon has been affirmed in the Appellate Division.

One Albert J. Wheeler was joined with the Western Elevating Association as a party defendant, and the plaintiff undertook to establish a cause of action against him as well as against the association. He was the owner of the elevator and was one of the parties to the agreement under which the elevators had been turned over to the association. The contention of the plaintiff was, in substance, that Wheeler, as owner, was liable for the reason that he was aware of an improper construction of the elevator, and knew that the building was in a dangerous condition and liable to fall. The trial court also submitted to the jury the question as to Wheeler's negligence, but the verdict relieved him from liability. It is now contended on behalf of the elevating association that the verdict rendered in favor of Wheeler and against the association is inconsistent, and, therefore, it should be set aside as to the association; that if the owner, Wheeler, was free from negligence, the association was, and, therefore, there could be no recovery against either defendant. We think the situation of the association was very different from that of Wheeler. The association's relation with the plaintiff was contractual. It had received the plaintiff's grain as warehouseman for the purpose of preserving and storing it, and agreeing to return it upon demand. Under the common law, a warehouseman is liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise,

but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care. This rule has been enacted into the statutes. (L. 1907, ch. 732, § 21.) The association, therefore, as a warehouseman, must be deemed to have held out to the public this elevator as a proper and fit building in which to store grain. Buildings of this character are liable to deteriorate. They may be weakened by storms and winds, and when constructed upon piles over waters or low lands, the piles may decay and the foundation become weak, endangering the structure. A warehouseman, therefore, in the exercise of reasonable care, owes a duty to his patrons of making reasonable inspection from time to time to see that the building remains safe and in a proper condition. (*Sutherland* v. *Albany Cold Storage & Warehouse Co.*, 171 N. Y. 269.) No such relation existed between the defendant Wheeler and the plaintiff. Wheeler had entered into no contract with the plaintiff to store and preserve its grain or to return it upon demand. He owed the plaintiff no duty to inspect from time to time and report if the building was found unsafe, consequently the determination of the jury to relieve him and to hold the association, the contracting party, was not an inconsistent verdict.

The fact that the association had not actually issued a warehouse receipt for a portion of the grain destroyed does not, in our judgment, affect the situation of the parties, for it distinctly appears that the grain had been delivered to and received by the association into the elevator upon storage and that the plaintiff was entitled to have a warehouse receipt therefor. The grain having been destroyed, no demand was necessary. No exception of the defendant with reference to the charge of the trial court presents an error calling for a reversal.

The judgment should be affirmed, with costs.

GRAY, EDWARD T. BARTLETT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; CULLEN, Ch. J., absent.

Judgment affirmed.