WILLIAM PERRY, Appellant, v. SADIE TAXTER, Respondent.— Action in partition, plaintiff claiming that he and defendant are the tenants in common of the premises described in the complaint — the answer denying that allegation and setting up an affirmative defense of sole ownership in the defendant by virtue of a deed to her by plaintiff. At the trial the complaint was dismissed, the court finding, as a matter of fact, that prior to the commencement of this action the plaintiff had conveyed his entire interest in the premises to the defendant, and that subsequently to such conveyance the parties had entered into a written agreement, dated January 12, 1925, by which they agreed that each was the owner of an undivided one-half interest in said premises, that the defendant is only the nominal owner and holds the record title of said premises, and that upon a sale thereof by her at a price agreeable to the plaintiff, after deducting expenses of the sale and $1,000 to be paid to their nephew, Hanlon, the balance of the proceeds of such sale should be divided between the plaintiff and defendant, share and share alike. As a conclusion of law, the court found that the said agreement of January 12, 1925, is a bar to the present action and that until said agreement is set aside or reformed, partition cannot be decreed. The record shows that there was no valuable consideration for the conveyance by plaintiff to defendant, and it appears on the face of the agreement of January 12, 1925, that plaintiff is the owner of at least an undivided one-half interest in the property. He now claims an undivided five-eighths interest therein. In our opinion, all the claims of the parties and the equities can be determined and adjusted in this action, and the plaintiff is entitled to an interlocutory judgment decreeing that the parties are tenants in common, that the defendant holds said premises in trust for the plaintiff to the extent of his interest therein; setting aside the agreement of January 12, 1925, and directing the defendant to account to the plaintiff for the rents and income received by her from the premises in question. Judgment reversed on the law and the facts, and the case remitted to the Special Term for an ascertainment of the rights, shares and interests of the plaintiff and defendant, by a reference or otherwise, and for a determination and adjustment of the claims and equities of the parties, to include an accounting by the defendant of the rents and income received by her and for an interlocutory judgment adjudicating the rights and interests of the parties and directing a sale of said premises. The matter of costs to be reserved for the final judgment. Findings of fact inconsistent herewith are reversed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur. Settle order on notice.

WILLIAM TODRES and Another, Doing Business under the Firm Name and Style of CROWN PICKLE WORKS, Appellants, v. MODERN ICE AND COLD STORAGE Co., INC., and Others, Respondents.— Order striking this case from the day calendar and placing it on the general calendar reversed on the law, with ten dollars costs and disbursements, and motion denied. The case is directed to be placed on the day calendar for June tenth for trial. The complaint disclosed that the action is clearly one on contract, being an action for a breach of contract of bailment, and is entitled to advance under rule 6 of the Rules of the Kings County Supreme Court. The action of the clerk in advancing it should not have been disturbed. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.