■ ANTONI RAVIOLI AND BAKING CO., INC., Appellant, v. FREEZE FOODS, INC., Defendant, and SAM SCHLOSS, Doing Business as BROOKLYN COLD STORAGE CO.; Respondent.— In an action against a warehouseman and another to recover for damage to perishable goods stored with the warehouseman after notice to him of their perishable nature and the necessity for proper refrigerated storage, the appeal is from an order directing the calendar clerk to retain the action in its regular calendar position and denying a preference under rule 6 of the Nassau County Supreme Court Rules. Order reversed, with $10 costs and disbursements, and motion denied, without costs. Although the complaint is inartistically drawn and may be insufficient to state any cause of action against respondent, we are not presently concerned with that question. Enough has been pleaded to indicate that the present deficiencies in the pleading may be supplied, if necessary, by amendment. As we read the allegations of the third and fourth causes of action, they may be construed, although they allege negligence on respondent's part, as attempting to plead a cause of action in con-

tract, for the breach by respondent of his duty as a bailee for hire. (See General Business Law, § 107; *Todres* v. *Modern Ice & Cold Stor. Co.*, 245 App. Div. 745; *Galowitz* v. *Magner*, 208 App. Div. 6, and *Sutherland* v. *Albany Cold Stor. & Warehouse Co.*, 171 N. Y. 269.) Consequently, appellant was entitled to the preference provided by the rule, despite the provisions of subdivision (b) thereof, which exclude from its operation actions to recover damages based on negligence. The rule should be liberally construed to effect its purpose to facilitate the disposition of litigation involving commercial or business transactions. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.