■ RITA GIGLIO, Appellant, v. GINO GIGLIO, Respondent.— In an action, *inter alia*, for partition and sale of certain real property, plaintiff appeals from portions of an order of the Supreme Court, Kings County, dated January 7, 1974, which, while granting her motion for summary judgment with respect to partition only, denied her requested relief for an accounting as to certain rental income. Order modified by inserting (1) in its first decretal paragraph, after the words "and denied as to the remainder" the following: "except as to rents;" and (2) immediately after the second decretal paragraph, the following: "ORDERED, that the said referee conduct a hearing to determine the intent of the parties, under the terms of the written separation agreement of September 16, 1967, with respect to defendant's rights to receive all the rents and profits from the property sought to be partitioned; that following said hearing, the referee is to determine whether defendant has an obligation to account to plaintiff for such rents and profits, if any, and, if so, to ascertain and report the interests of the parties hereto in such accounting; and it is further". As so modified, order affirmed insofar as appealed from, with $20 costs and disbursements to appellant. The property in question (an apartment building) was originally acquired by the parties as tenants by the entirety. However, following their divorce in 1967, the parties became tenants in common with respect to the property. Pursuant to a written separation agreement dated September 16, 1967, plaintiff and the issue of the marriage were to reside, rent free, in a duplex apartment in the property. It was also agreed that defendant was entitled to all of the rental income from the property. Plaintiff thereafter vacated the apartment and moved to California with the children. Prior to her leaving, she and third parties entered into a one-year lease, renewable for a second year, covering the apartment in question. She received the first year's rent in advance. At the expiration of the first year, defendant renegotiated a new lease with the tenants then in possession of the apartment, under the terms of which, *inter alia*, he was to receive the rent from that apartment. Special Term granted plaintiff's motion for summary judgment to the extent of directing partition, but otherwise denied the relief which she had requested. In its memorandum decision, the court held that the provisions of the separation agreement were clear and unambiguous and entitled defendant to receive all of the rents and profits from the premises, including those from the subject apartment. The separation agreement is susceptible of more than but the single interpretation given it by the Special Term, as respects defendant's rights to receive "all the rental income from such premises". The court, in a partition action, "may adjust the rights of a party as against any other party by reason of the receipt by the latter of more than his proper proportion of the rents or profits of a share" (Real Property Actions and Proceedings Law, § 945; *Smith* v. *Smith,* 10 Paige Ch. 470, 477–478; see *Goergen* v. *Maar,* 2 A D 2d 276; *Perry* v. *Taxter,* 245 App. Div. 745; Walsh, Law of Real Property [2d ed.], § 216, pp. 390–391). An accounting has been described as a "necessary incident of almost every partition action and is had as a matter of right before the entry of either the interlocutory or final judgment" (*Zaveloff* v. *Zaveloff,* 37 N. Y. S. 2d 46, 52; see *Steinberg* v. *Singer,* 5 Misc 2d 278; 68 C. J. S., Partition, § 134). Since the separation agreement is not clear and unambiguous with respect to defendant's rights to receive all the rents and profits from the subject apartment, we conclude that to allow the order to stand as it is would work a forfeiture of plaintiff's rights, if any, to share in the rents and profits of the building, which forfeiture would also result in an unjust enrichment to defendant to the extent that

he may be permitted to keep more than his aliquot share of the rents and profits. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Benjamin, JJ., concur.