(25 Misc. Rep. 729.)

### MAUTNER et al. v. TERMINAL WAREHOUSE CO.

(Supreme Court, Appellate Term. January 23, 1899.)

1. WAREHOUSEMEN—NEGLIGENCE—DAMAGE TO GOODS—PRIMA FACIE CASE.
     Proof of a contract of storage, receipt of the goods, and damage resulting thereto, establishes a prima facie case of negligence against a warehouseman.

2. SAME—BURDEN OF PROOF.
     After a warehouseman has introduced evidence that damage to goods occurred without negligence on his part, the burden is on plaintiff to prove negligence.

3. SAME—EVIDENCE—SUFFICIENCY.
     Plaintiff's furs were injured by wet while in the cellar of defendant's warehouse. Plaintiff had requested defendant to store the furs in "a cool, damp place, such as a cellar." Condensations of moisture caused water to accumulate in depressions of the cellar floor, but defendant testified that the cases of furs were placed on skids raising the cases six inches from the floor, beyond the reach of water. Plaintiff testified that he examined the cases before the furs were injured, and that they were "flat on the ground," but his attention was not specifically called to whether there were skids under them. An expert testified that the furs might have been injured by moisture in the air. Held not sufficient to sustain a judgment for plaintiff.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Julius Mautner and another against the Terminal Warehouse Company. Judgment for plaintiffs, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Ralph G. Miller, for appellant.

Louis J. Vorhaus, for respondents.

BEEKMAN, P. J. The plaintiffs stored certain hatter's furs with the defendant. The goods remained on storage for a period of three

years, at the end of which time it was discovered on examination that a portion of them had been injured by wet; and whether this was caused by the moisture in the air of the cellar in which they were placed, or by water which had accumulated on the floor and soaked into the cases in which the goods were boxed, was the chief subject of inquiry in this action, which is brought to recover the damage which the goods had suffered, on the theory that the defendant had been guilty of negligence in the matter. The trial justice has rendered judgment in favor of the plaintiffs, and, an appeal having been taken to this court, the only question which the record presents for our consideration is whether there was sufficient evidence in the case to support the finding which the judgment, as rendered, necessarily implies,—that the defendant was guilty of any negligent act which was the proximate cause of the injury complained of. In such an action it is well settled that the burden of proof rests upon the plaintiff throughout the entire case. It is true that when he has proved the contract of storage, the receipt of the goods by the warehouseman, and the injury upon which his cause of action is predicated, a prima facie case of negligence has been made out; and he would be entitled to judgment, if no further proof should be made. But where the defendant has offered evidence accounting for the damage, which is susceptible of the inference that there was no lack of care on his part, the plaintiff must resume his proofs, and reassume the burden of establishing by affirmative evidence that the defendant had been negligent. Claflin v. Meyer, 75 N. Y. 260. In the case at bar it was conceded by the plaintiffs that they requested the defendant to store the goods in question in "a cool, damp place, such as a cellar or basement." This request was complied with, so that, if the injury complained of was caused by such dampness, it is obvious that the plaintiffs could not recover. The pleadings were oral, but, in compliance with a demand that was made by the defendant for a bill of particulars, the plaintiffs' attorneys furnished one, in writing, which contained, among other things, the following statement:

"These packages were damaged through the negligence and carelessness of the defendant in not taking proper means and precautions to prevent water from running in or falling on said cases and damaging the contents."

The issue, then, which the defendant was called upon to meet, was thus tendered upon this allegation or specification of plaintiffs' claim, and it was this which the plaintiffs were bound to establish by a preponderance of proof.

On the trial the plaintiffs made an effort to show that rain came into the cellar, causing the injury, in which attempt, however, they utterly failed. Evidence was given, however, tending to show that the concrete floor of the cellar was irregular, and that at times water would accumulate upon the floor wherever there was any depression to retain it; and from this it was argued that in some way this water reached the cases in question, and wet their contents. It satisfactorily appeared upon the proofs that this water was the result of a condensation of the moisture in the air. But, whatever may have been the case, it is plain that the defendant was bound to exercise some precaution which would prevent any such accumulation of water from

reaching the plaintiffs' goods. In recognition of this obligation, evidence was given tending to show that the cases in question were placed upon skids, which raised them at least six inches above the level of the floor, and therefore beyond the reach of any water which might have been thereon. Testimony to that effect was given by all of the defendant's witnesses in the most positive manner. The only witness who gave any evidence tending to show the contrary was a clerk of the plaintiffs, who testified that he had examined the cases in the cellar in question in 1896, and again in 1897, and found them free from damage at that time, and that the cases were "flat on the ground." But his attention was not specifically called to the question as to whether or no there were any skids under them, so that his evidence upon that point is not so clear and unequivocal as possibly it might have been. Without indulging in any further criticism upon the testimony of this witness, we think that it was at least met by the defendant's evidence on this point, and that at the close of the entire case the most that could be claimed was that the proofs were evenly balanced, and that it was as likely that the injury complained of was due to the dampness of the atmosphere as that it had resulted from water flowing into the cases. The testimony of the only expert who was examined in the case tended to show that the stains upon the goods and upon the cases might have been caused either by water or by moisture in the air.

We are of the opinion that the plaintiffs failed to make out their case by a preponderance of proof, and that the trial justice therefore erred in awarding judgment in their favor. It results that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.