TOPLITZ v. TIMMINS.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. WAREHOUSEMEN—NEGLIGENCE—EVIDENCE.
  In an action against a warehouseman for failure to redeliver goods, a showing of the agreement for storage and the delivery, and evidence tending to show a failure to redeliver, make a prima facie case of negligence.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Isabella Toplitz against John J. Timmins.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Arthur W. Birkins, for appellant.
Jacob Lasker, for respondent.

MacLEAN, J.   It appears that the plaintiff stored with the defendant certain barrels and cases—household effects—and withdrew them in the first week of January, when, in her presence, they were loaded into a wagon, which she accompanied from the warehouse to her residence, two blocks away; that upon examination it was found that one of the barrels and one of the cases were not hers, having been substituted for those belonging to her.   She testified that she notified the defendant of her loss and the substitution on the day following, and that he refused to make her damage good.   The evidence submitted for the defendant tended to show that he had satisfied his duties as bailee by the exercise of ordinary care.   Whether or not the defendant duly excused himself was properly left to the jury, for, "where agreement of storage and the receipt of goods has been admitted, and evidence

given to support failure to deliver, a prima facie case of negligence has been made out." Mautner v. The Terminal Warehouse Co., 25 Misc. Rep. 729, 55 N. Y. Supp. 603.

Judgment affirmed, with costs. All concur.