(114 App. Div. 366.)

## POLACK et al. v. O'BRIEN.

(Supreme Court, Appellate Division, Third Department.　June 27, 1906.)

1. BAILMENT—LOSS OF GOODS—LIABILITY OF BAILEE.

Plaintiffs, who were dealers in bristle in New York, sent a quantity of bristle to defendant, a brush manufacturer in Troy, to have certain work performed on the same. The bristle was shipped to defendant by boat in connection with an express company, which delivered the same at defendant's place of business. The work was duly performed, after which the bristle was repacked, directed to plaintiffs, and delivered by defendant to the same express company, with instructions to take it to the river carrier for delivery to plaintiffs. The bristle was lost by the express company, and was not delivered to the steamboat company. *Held,* that the express company, being a common carrier, was not defendant's agent for the delivery of the bristle to the steamboat company, and that defendant was therefore not liable as bailee for a loss of the bristle by the express company's negligence.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, §§ 66, 75, 107.]

2. SAME—BURDEN OF PROOF.

In an action against a bailee for loss of goods, the burden is on the bailors to establish negligence on the part of the bailee.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, § 125.]

3. SAME—TERMINATION OF LIABILITY.

Where a bailee of goods agreed to redeliver the same to the bailors after performing certain work thereon, when the bailee redelivered the goods to the same common carrier that the bailors had selected in making the delivery to the bailee, the latter had fulfilled his obligation, and his liability in respect to the property terminated.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bailment, §§ 66, 75, 107.]

Appeal from Trial Term, Rensselaer County.

Action by Isaac Polack and another against William J. O'Brien. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

The plaintiffs are copartners dealing in bristle in the city of New York. Defendant is a brush manufacturer in the city of Troy. In July, 1902, plaintiffs sent to the defendant at his place of business in Troy a quantity of bristle, on which the defendant was to perform certain specified work at an agreed price, and when the work was performed the bristle was to be returned to the plaintiffs. The work was duly performed by the defendant according to the contract. The bristle was then properly packed and directed to the plaintiffs at their place of business in New York, and was delivered by the defendant to "Clum's Express," with instructions to take it to the Citizens' Steamboat Company in Troy, which was a common carrier of freight by water, plying its boats on the Hudson river between Troy and New York City. The trial court has found that the bristle was lost or unaccounted for by Clum's Express, and that it was not delivered to the steamboat company in Troy. The judgment herein awards to the plaintiffs the value of said bristle, after deducting therefrom the defendant's claim for his services thereon and certain transportation charges advanced by him on the delivery to him of the property. From this judgment the defendant appeals.

Argued before SMITH, CHESTER, KELLOGG, and COCH-RANE, JJ.

John T. Norton, for appellant.

Benjamin E. De Groot and Edward L. Nugent, for respondents.

COCHRANE, J.  The learned trial court held that the property was lost by reason of the defendant's negligence.  This conclusion was based on the assumption that Clum's Express was the agent of the defendant, and hence that the defendant was liable for the negligence of its agent or servant.  The relationship, however, of principal and agent, between the defendant and Clum's Express, cannot be predicated on the facts which have been made to appear.  Clum's Express is conceded to have been a common carrier.  The evidence shows that it delivered much merchandise for different parties to the steamboat company.  This was a matter of daily occurrence.  A few months prior to the transaction in question the defendant had received from the plaintiffs other bristle under a precisely similar contract.  On that occasion the property was transported by the plaintiffs to the defendant through the medium of the Citizens' Steamboat Company and Clum's Express; the property having been taken by the express from the steamboat dock in Troy to the defendant at his place of business.  Such property likewise was returned by the defendant to the plaintiffs through the medium of the same common carriers.  On the occasion in question the property was received by the defendant in the same manner; the defendant advancing for the plaintiffs to the express its transportation charges.  On neither occasion does it appear that Clum's Express in conveying the property from the steamboat dock to the defendant's place of business was acting under his directions; nor does it appear that it had general directions from him to deliver property intended for him.  When the defendant delivered the property to Clum's Express for return to the plaintiffs, he merely adopted the same agencies and instrumentalities for effecting such return as the plaintiffs themselves adopted in transporting to him the property. The case is entirely destitute of evidence showing that said express stood in any other relation to the defendant than did the steamboat company; and it is impossible to see how, under the circumstances, the defendant's liability to the plaintiffs is any different than it would be if the property had been lost by the steamboat company, instead of by Clum's Express.  It is even more difficult to infer that the express was the agent of defendant than it would be to infer that it was the agent of plaintiffs, inasmuch as it was first selected by the plaintiffs as their carrier in delivering the property on both occasions to the defendant, and it is a reasonable inference from all of the evidence that its charges in both directions on both occasions were to be paid by plaintiffs.

Plaintiffs call attention to a letter which the defendant wrote them when he delivered the property to Clum's Express, in which letter he stated that he had shipped such property by "the Troy boat."  The purpose of this letter was to apprise the plaintiffs when and where in New York they might expect their property.  It does not appear that it misled the plaintiffs, or placed them at any disadvantage in reference to the property.  It does not estop the defendant from claiming that Clum's Express was not his agent, nor, under the circumstances of this case, does it tend to establish such agency.  The plaintiffs, as bailors, had the burden of proof to show negligence on the part of the

defendant, their bailee. "As a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability arises, and if the goods cannot be found it furnishes the imputation of negligence as the cause. Fairfax v. N. Y. C., etc., R. R. Co., 67 N. Y. 11. But such prima facie case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee. Then the onus continues upon the bailor to prove that it was charge-able to the want of care of the bailee." Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. This onus in this case the plaintiffs have failed to sustain.

It may, perhaps, be inferred from the evidence that it was a part of the contract obligation assumed by the defendant to redeliver the property to the plaintiffs; but it cannot be inferred that such redelivery was to be made at the plaintiffs' place of business in the city of New York, or even at the steamboat dock in the city of Troy. One of the plaintiffs testified:

"There wasn't any understanding in relation to that at all; nothing said whatever by me as to how they were to be shipped, or by what line they were to be shipped. The only transaction in relation to bleaching the bristle or finishing it for us was through letters merely notifying him of our shipment to him of certain bristles that we would like to have him finish."

When the defendant redelivered the property to the same common carrier which the plaintiffs had adopted in making the delivery to the defendant, the latter had fulfilled his contract obligation, and his liability in respect to the property terminated. He did not disregard any instructions given by the plaintiffs. Nor did he assume to act on his own responsibility in selecting a method of reconveying the property to the plaintiffs. He used the same instrumentalities which the plaintiffs had used for the purposes of transportation. He selected their common carriers. On another trial a different state of facts may be developed. But on the evidence before us we can discover no negligence, or disregard of duty, or breach of contract.

The judgment must be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event.

CHESTER and KELLOGG, JJ., concur.

SMITH, J. I concur in the reversal of this judgment upon the ground that the defendant's liability must rest upon negligence which has not been proven. His contract to redeliver the goods was not absolute, but was to use reasonable diligence to safely redeliver. The evidence is not as complete as might be wished, though I think it sufficiently appears that Clum's Express was a common carrier which was generally engaged and trusted for the delivery of goods between Troy and Lansingburgh. A delivery, therefore, to Clum's Express, should be deemed an act of reasonable diligence as a step in the redelivery to plaintiff of his goods. It does not appear that this express was in any discredit, or that there was any fact which would lead the defendant to distrust this agency. Recognizing that a failure to redeliver by bailee

is prima facie evidence of negligence, I still think that upon all the evidence defendant has shown full execution of a bailee's duty to exercise reasonable care to redeliver to the bailor.