BALLSTON REFRIGERATING STORAGE CO. v. EASTERN STATES REFRIGERATING CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

1. WAREHOUSEMEN (§ 34*)—ACTIONS AGAINST WAREHOUSEMEN — BURDEN OF PROOF.

Where apples were in fine condition when stored in a cold storage warehouse in October, and continued in the same condition till February, but in April were scalded, discolored, and in a damaged condition, the warehouseman is required to account for the deterioration.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 76, 77; Dec. Dig. § 34.*]

2. WAREHOUSEMEN (§ 34*)—ACTIONS AGAINST WAREHOUSEMEN—FINDINGS.

Findings that when apples were received for cold storage in October they were in good condition, and when examined in February were found in sound and proper condition; that when removed the fore part of April they were scalded, discolored, and in a damaged condition; that the necessary temperature for preservation of apples is from 31 to 32 degrees Fahrenheit, uniformly maintained; that such temperature was not maintained, but defendant allowed it to rise until it reached and continued for some period at 34 to 36 degrees, and on one occasion for some period to 38 degrees; that the damaged condition was such as would be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

produced by a failure to maintain a uniform temperature at about the freezing point for at least 36 hours; that a uniform temperature of about the freezing point can be readily maintained in a cold storage compartment; and that the damage to the apples was caused by the warehouseman's negligence—are sufficient to sustain a judgment against the warehouseman for the damage to the apples.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 83–85; Dec. Dig. § 34.*]

Cochrane, J., and Smith, P. J., dissenting.

Appeal from judgment on Report of Referee.

Action by the Ballston Refrigerating Storage Company against the Eastern States Refrigerating Company. From a judgment on the report of a referee for plaintiff, defendant appeals. Affirmed.

The plaintiff, in October, 1907, stored with the defendant company, at its cold storage warehouses in Albany and in Jersey City, a quantity of apples. When the apples were removed in the fore part of April, 1908, the plaintiff claims they were scalded, discolored, damp and in a damaged condition, and seeks to recover the damage caused thereby, alleging that the fruit was not properly stored, and that the defendant negligently allowed an improper temperature in the warehouses. The referee found in favor of the plaintiff, and the defendant appeals from the judgment entered upon the referee's report.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Neile F. Towner, for appellant.
Frank H. Brown, for respondent.

JOHN M. KELLOGG, J. The findings establish, upon sufficient evidence, that the apples when received in storage in October were fancy No. 1 fruit in good and sound condition, and when examined in February were in sound and proper condition; that when removed the fore part of April they were scalded, discolored, damp, and in a damaged condition, which damaged condition was produced between February and April; that the necessary temperature for the preservation of apples is from 31 to 32 degrees Fahrenheit, uniformly maintained; that such temperature was not maintained, but defendant allowed it to rise until it reached and continued for some period at 34 to 36 degrees, and on one occasion for some period to 38 degrees; that the damaged and scalded condition of the apples was such as would be produced by a failure to maintain a uniform temperature at about the freezing point for a period of at least 36 hours; that a uniform temperature of about the freezing point can readily be maintained in a cold storage compartment; and that the damage was caused by the defendant's negligence.

The defendant's evidence suggests no reason to account for the rapid decline of this fancy fruit between February and April. Its experts claim that such conditions sometimes appear in proper storage, and is usually attributed to some defective condition of the apples when stored; but the findings repel the idea that these apples were in such

condition when received. Conceding the quality of the fruit in October and February to be as the referee finds it, the defendant's experts are at a loss to account for its subsequent condition with proper storage. The defendant was charged with the duty of offering some reason for the damaged condition of this fruit, and, as found by the referee, has failed to show that the injury to the apples did not happen in consequence of the failure to exercise due care. The other findings and the evidence exclude the supposition that it could have occurred otherwise. The fine condition of the fruit when received and when examined in February, and its damaged condition in April, require the defendant to account for its rapid deterioration, and he failed to give any reason therefor. I find no evidence in the case justifying the supposition that fruit stored in a perfect condition in October, and found in satisfactory condition in February, and properly cared for, may be in the condition disclosed here in April. From the express findings of fact, it clearly appears that this damaged condition of the fruit cannot be accounted for except by the defendant's negligence. If we assume that it is necessary to have a high temperature for 36 hours, we find the excessive temperature and a condition of the fruit which can only be accounted for by continued high temperature for 36 hours. The only inference, therefore, is that the excessive temperature, found from time to time, continued for over 36 hours.

The evidence fairly sustains the findings and compels the conclusion that the plaintiff's damage was caused solely by the defendant's negligence. The finding of defendant's negligence accompanied by the other findings, and the conclusions necessarily following from them, fairly sustain the judgment. It should therefore be affirmed, with costs. All concur, except COCHRANE, J., and SMITH, P. J., who dissent.

COCHRANE, J. (dissenting). In October, 1907, plaintiff stored a quantity of apples in two cold storage warehouses of the defendant in Albany and one in Jersey City. In March and April, 1908, the apples in Jersey City and those in one of the compartments of one of the warehouses in Albany known as "K–1" were found to be in a defective and poor condition. A temperature of about 31 or 32 degrees Fahrenheit in cold storage compartments is necessary for the best results in preserving apples therein. It is the contention of the plaintiff that defendant allowed the temperature to exceed that specified, and that, because thereof, the apples were damaged, which contention has been sustained by the referee. The defendant, on the other hand, urges that the condition of the apples was not due to improper temperature, but to natural deterioration inherent in the fruit itself, for which it was not responsible.

The referee finds that the apples were examined in February, and were then found to be in a sound and proper condition; that in the latter part of March, and early in April, they were found to be scalded, discolored, damp, and in a damaged condition; that such damaged condition was produced between February and April. The eleventh,

twelfth, thirteenth, fourteenth, and fifteenth findings of fact by the referee are as follows:

"(11) The defendant failed to show that the injury to said apples in K–1 and at Jersey City did not happen in consequence of its failure to exercise the care in regard to them that a reasonably careful owner of similar goods would exercise.

"(12) The defendant did not maintain a uniform temperature of from 31 degrees to 32 degrees Fahrenheit in compartment K–1, and allowed the temperature to rise until it reached and remained for some period at 34 degrees and 36 degrees Fahrenheit.

"(13) The defendant did not maintain a uniform temperature of from 31 degrees to 32 degrees Fahrenheit in the compartments in the Jersey City warehouse where plaintiff's apples were stored, and allowed the temperature to rise on one occasion until it reached and remained for some period at 38 degrees Fahrenheit.

"(14) The damaged and scalded condition of the apples in K–1 and at Jersey City was such as would be produced by the failure to maintain a uniform temperature of about the freezing point for a period of at least 36 hours.

"(15) A uniform temperature of about the freezing point can be readily maintained in a cold storage compartment."

The first two conclusions of law of the referee are as follows:

"(1) That plaintiff has sustained damages by reason of negligence, want of care, and skill used by the defendant in the storing and keeping of plaintiff's apples at Jersey City, and in compartment K–1 at Albany, while they were intrusted to the defendant's care.

"(2) That the plaintiff having shown that the apples were damaged between February and April, 1908, in a way that does not usually occur without negligence on the part of the custodian of the fruit, it then becomes the duty of the defendant to show that the damages resulted from causes for which it was not responsible."

The liability of a warehouseman for property confided to his care is now declared by statute as follows:

"A warehouseman shall be liable for any loss or injury to the goods caused by his failure to exercise such care in regard to them as a reasonably careful owner of similar goods would exercise, but he shall not be liable, in the absence of an agreement to the contrary, for any loss or injury to the goods which could not have been avoided by the exercise of such care." Section 107 of general business law, being chapter 20 of the consolidated laws.

This statutory provision is, however, declaratory of the common law as it has long existed. Buffalo Grain Co. v. Sowerby, 195 N. Y. 355, 357, 88 N. E. 569.

The gravamen of an action such as this is negligence. The burden of proof rests on plaintiff throughout the entire trial to establish such negligence by a preponderance of evidence. The contract of the bailee is to return the property in proper condition, and, when a plaintiff establishes a failure to do so, a prima facie case of negligence is made out, which places the defendant under the necessity of offering an explanation of the loss or damaged condition of the property in order to meet such prima facie case, but when such explanation is offered, and the evidence is all introduced, it then remains a question upon the entire case whether or not the bailee has been negligent with the burden of proof always on the plaintiff to establish the affirmative of that proposition. Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467; Stewart v. Stone, 127 N. Y. 500, 28 N. E. 595, 14 L. R. A. 215; Polack v.

O'Brien, 114 App. Div. 366, 368, 100 N. Y. Supp. 385; Liberty Insurance Co. v. Central Vermont Railroad Co., 19 App. Div. 509, 46 N. Y. Supp. 576; Kaiser v. Latimer, 9 App. Div. 36, 41 N. Y. Supp. 94.

In Stewart v. Stone, supra, the principles applicable to such a case were summarized as follows:

"As a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability arises, and, if the goods cannot be found, it furnishes the imputation of negligence as the cause. Fairfax v. N. Y. C., etc., R. R. Co., 67 N. Y. 11. But such prima facie case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee. Then the onus continues upon the bailor to prove that it was chargeable to the want of care of the bailee. Claflin v. Meyer, 75 N. Y. 260 [31 Am. Rep. 467]; Mills v. Gilbreth, 47 Me. 320, 74 Am. Dec. 487. And although it may be that the proof given by him, explanatory of the reason for nondelivery, may disclose circumstances which in their nature permit or require the inference of negligence on his part (Russell Mfg. Co. .v. N. H. Steamboat Co., 50 N. Y. 121), the affirmative of the issue is not shifted to the defendant, but remains through the trial with the plaintiff. Heinemann v. Heard, 62 N. Y. 448; Blunt v. Barrett, 124 N. Y. 117 [26 N. E. 318]. In the present case the plaintiff alleged in his complaint, and it appeared, that the loss resulted from the destruction of the factory by fire. From that fact alone no presumption arose to furnish a prima facie case against the defendant. But upon the main issue, whether it was attributable to the negligence of the defendant, the burden was with the plaintiff. Whitworth v. Erie Ry. Co., 87 N. Y. 413."

The record discloses that the learned referee has failed to apply the foregoing principles in the disposition of this case. He has found that the condition of the apples "was such as would be produced by the failure to maintain a uniform temperature of about the freezing point for a period of at least 36 hours." There is no finding, however, that there was a failure to maintain such uniform temperature for a period of at least 36 hours, and, unless such was the fact, liability on the part of the defendant has not been established. This omission from the report of the referee is not the result of inadvertence or oversight, but was intentional, as clearly appears from his findings construed in the light of his opinion. He there says that, although plaintiff was unable to satisfactorily establish that the temperature remained at a point several degrees above the freezing point for a sufficiently long time to produce the damage, yet, that as the plaintiff made out a prima facie case, it then became the duty of the defendant to show that the injury did not happen in consequence of its failure to exercise the care in regard to the apples that a reasonably careful owner of similar goods would exercise. He then continues:

"So, while plaintiff's proof fails to establish that the temperature varied for a sufficient length of time to produce the damage, there is on account of the damaged condition of the fruit a suggestion or inference that it did, and defendant's proof does not meet this suggestion, and satisfactorily show that the rise in temperature did not cause the damage."

It seems clear, therefore, that the referee improperly placed the burden of proof on the defendant, and required it to affirmatively establish the proposition that it had not been guilty of negligence by allowing an improper temperature for a period of at least 36 hours. Such also is the purport of the eleventh finding of fact and the second conclusion

of law, all of which indicates that the case was decided on an improper theory by the learned referee as to the burden of proof.

In Liberty Insurance Co. v. Central Vermont Railroad Co., 19 App. Div. 509, 46 N. Y. Supp. 576, it was said by this court in considering the standpoint from which a referee had determined an action involving the liability of warehousemen:

"In all contests over questions of fact upon conflicting evidence, or evidence susceptible of different inferences, the question as to who has the burden of proof resting upon him is a very important one, and the decision of that question may, and frequently does, practically determine the finding as to the facts. Hence the holding of the trial court in that respect becomes a matter of importance."

An examination of the evidence shows that there was quite a well-founded reason for the perplexity of the referee in satisfactorily reaching a conclusion as to this important question of a rise in temperature for a sufficient time to cause damage. He finds that the apples were in good condition in February, that they were in poor condition the latter part of March, and that such poor condition developed during the month of March. There is some testimony of an improper temperature in the latter part of March and early in April, but then the apples were already found to be in poor condition. There is very little testimony showing an improper temperature prior to that time, and none which would warrant the inference that the temperature had been improperly maintained for a period of 36 hours, unless it be, as intimated by the referee, the condition of the apples. On the other hand, the defendant introduced considerable testimony tending to show that such a condition might have been due to the natural process of deterioration. The fact of an appreciable rise of temperature was also strenuously controverted. There was a clear question of fact on this point, and this court cannot supply the necessary finding of fact, which the referee has omitted to make, not inadvertently, but purposely, because of his inability to make it. The referee evidently appreciated the difficulty of the question, and was unable to find affirmatively that the defendant had negligently permitted an improper temperature for a sufficient length of time to cause the damage. Under a misapprehension as to the burden of proof, he has found negatively that the defendant has not established that the condition of the apples was not due to its negligence. This was clearly error. Unless the referee was satisfied that the defendant had maintained an improper temperature to such an extent and for such a length of time as to cause an injury to the apples, and that their defective condition was due to such negligence, he should have dismissed the complaint. The defendant has been held liable, not because the plaintiff has affirmatively and by a preponderance of evidence established its negligence, but because the defendant itself has not affirmatively and by a preponderance of evidence disproved its negligence.

The referee in his opinion and in his findings has followed expressions contained in some reported opinions which superficially seem to justify his position. Such were the cases of Herzig v. New York Cold Storage Co., 115 App. Div. 40, 100 N. Y. Supp. 603, and Lynch v. Kluber, 20 Misc. Rep. 601, 46 N. Y. Supp. 428. The language used in those cases was appropriate so far as the facts under consideration were con-

cerned. All that was involved in those cases was the simple question that plaintiff having made out a prima facie case by showing a failure to return the property in proper condition defendant was required to meet the case thus established by satisfactory evidence. No situation existed in those cases such as is here presented. Here, when the evidence was concluded, it presented two theories as to the defective condition of the apples—one, negligence of the defendant; and the other the manifestation of the laws of nature. Before the defendant could be held liable, there should have been an affirmative determination that its negligence had been established by a preponderance of evidence.

In his first conclusion of law, the referee apparently has held that the plaintiff sustained damages by reason of the negligence of defendant; but that conclusion considered in connection with the rest of his report, and in the light of his opinion, must be construed as meaning merely that he holds the defendant liable for negligence because it has been unable to satisfactorily disprove the same.

The judgment should be reversed.

SMITH, P. J., concurs.