(74 Misc. Rep. 348.)

LEVINE v. DELAWARE, L. & W. R. CO.

(Oneida County Court. November, 1911.)

CARRIERS (§ 132*)—CARRIAGE OF GOODS—LOSS OR INJURY—PRESUMPTION AND BURDEN OF PROOF.

A fur overcoat having been shipped in a box which was received at destination, and permitted to remain till the carrier's liability became merely that of a warehouseman, where the box on delivery to the consignee is found to contain only pieces of old iron and paper, the carrier is presumed negligent, and the burden rests on it to explain the loss, and such burden is not sustained by the mere production of the empty box.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 578–582, 605; Dec. Dig. § 132.*]

Appeal from Justice Court.

Action by Abner S. Levine against the Delaware, L. & W. Railroad Company. From a judgment of a justice of the peace for plaintiff, defendant appeals. Affirmed.

Kernan & Kernan (Howard W. Taylor, of counsel), for appellant. J. A. Goldstone, for respondent.

HAZARD, J. It appears that on the 11th day of November, 1910, the plaintiff shipped a fur overcoat, inclosed in a wooden box, to a consignee in New York City, over the defendant's road, taking the usual bill of lading and receipt therefor. The package seems to have arrived at defendant's terminal in New York City in due season; and on the 16th of November a notice was sent to the consignee.

The witness McArdle, an employé of the defendant, testified that some time in November, day not stated, he found the shipment; and he says, "I noticed nothing wrong about it." It appears that on the 8th of December McArdle went with a "driver" to look for the package, and that the driver discovered that the box "rattled," and that it was opened at the driver's request, and was found to contain some

·old iron pipe and some old paper, and he refused to take it. Thereafter the box was reshipped to the plaintiff at Utica, who also refused to accept it. He brings this action to recover for the value of the goods, and has received a judgment for the full amount claimed, from which the railroad company appeals.

There is practically no dispute about any of the facts in the case, and the question is therefore one of law. The defendant contends that it cannot be held liable, except upon proof by the plaintiff of some negligence on its part; and it contends that none has been proven. I do not think the defendant's contention can prevail; and it seems to me that it ·is incumbent upon it, if it wishes to excuse itself for the loss ·of the goods, to show what has become of them. There is no evidence ·in the case from which it can be even inferred when or where or how the coat disappeared, and we are unable to decide whether it was lost in transit or after it reached its destination at its terminal. It is true McArdle testified as above quoted; but, keeping in mind that the coat ·was in a box, the cover of which had been nailed•down, it does not appear that he made an examination more than to·look at the outside of the box. For the purposes of the case, however, we will assume, giving the appellant the benefit of the doubt, that the box and its contents were duly delivered by it to its terminal, and were there suffered to remain for such a time that, as a matter of law, the status of the defendant as a common carrier was changed to simply that of a warehouseman; and we will consider the case on that basis. Appellant quotes the case of Ballston Refrigerating Storage Co. v. Eastern States Refrigerating Co., 142 App. Div. 135, 126 N. Y. Supp. 857, in support of its contention; but I do not see that the law, as there stated, is of assistance to him. I will quote from page 139 of 142 App. Div., page 860 of 126 N. Y. Supp.:

"The gravamen of an action such as this is negligence. The burden of proof rests on plaintiff throughout the entire ·trial to establish such negligence by a preponderance of evidence. The contract of the bailee is to return the property in proper condition, and, when a plaintiff establishes a failure to do so, a prima facie case of negligence is made out which places the defendant under the necessity of offering an explanation of the loss or damaged condition of the property in order to meet such prima facie case."

Further on on the same page the court quotes with approval the following language:

"As a general rule, when a bailee fails on demand to deliver to the bailor property to which the latter is entitled, the presumption of liability arises, and, if the goods cannot be found, it furnishes the imputation of negligence as the cause. But such prima facie case may be overcome when it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee."

It is true that case holds, as do others, that the basis of the action is negligence, and that the affirmative of the issue is not shifted to the defendant, but remains through the trial with the plaintiff; but, from the language above quoted, it is apparent that there is a prima facie case of negligence made out when a bailee proves delivery to a warehouseman, demand of return, and failure of the warehouseman to produce the goods.

The most instructive case which I have found on this subject, and the one most closely in point, is that of Claflin v. Meyer, 75 N. Y. 260, 31 Am. Rep. 467. In that case a warehouseman had been sued for failing to return the bailee's goods, and it appeared that the warehouse had been burglarized. The court said:

"Upon its appearing that the goods were lost by a burglary committed upon the defendants' warehouse, it was for the plaintiffs to establish affirmatively that such burglary was occasioned or was not prevented by reason of some negligence or omission of due care on the part of the warehouseman."

And continues:

"The cases agree that where a bailee of goods, although liable to their owner for their loss in case of negligence, fails, nevertheless, upon their being demanded, to deliver them or account for such nondelivery, or, to use the language of Sutherland, J., in Schmidt v. Blood [9 Wend. 268, 24 Am. Dec. 143], where 'there is a total default in delivering or accounting for the goods,' this is to be treated as prima facie evidence of negligence."

The court says that this rule arises from the necessity of the case, it being presumed that the bailee has exclusive knowledge of the facts, and that he is able to give the reason for his nondelivery, if any exists, other than his own act or fault, or from a presumption that he actually retains the goods, and by his refusal converts them.

It seems to me that these and numerous cases which might be cited clearly establish the proposition that, upon proving the delivery to this defendant of the coat and its failure to deliver it or return it, it then became incumbent upon this defendant to in some way account for its loss. This it seeks to do by producing the empty box; and appellant's counsel contends that that is sufficient proof to establish that the coat was stolen, to recast upon the plaintiff the burden of proof, and compel him to prove some negligence against the defendant, before he is entitled to recover. I cannot take that view of it. I am utterly unable to see how defendant is helped by producing the empty box. I fail to see that the situation is any different than if the defendant could not produce the box, and the entire shipment, including the box, was missing. It is true that we may infer, in either case, viz., where only the empty package is found, or where nothing at all is found, that something has been stolen or lost; but it seems to me that the inference can be as clearly and as surely drawn in the one case as in the other. I should regard this case, as presented by the defendant, as presenting what is referred to in the cases quoted above as a "total default in delivering or accounting for the goods." It seems to me that it is the fair intendment of the cases that the defendant should account for his failure to produce in a more satisfactory way than to produce an empty package or simply say, "I cannot find the package," both of which amount to just the same thing. True, the existence of the empty package in New York shows that the defendant delivered at least the box to its terminal, and we are giving him all the benefit that I think he is entitled to by reason of that fact; but I do not believe that, by producing that empty box, it is made to appear that the loss was occasioned by some misfortune or accident not within the control of the bailee."

In Claflin **v.** Meyer's Case it is said:

"It is not, of course, intended to hold that a warehouseman, refusing to deliver goods, can impose any necessity of proof upon the owner by merely alleging as an excuse that they have been stolen or burned. These facts must appear or be proved with reasonable certainty."

In that case a burglary was proved, it being shown that burglars had entered the warehouse and secured quantities of goods therefrom; and the court held that, under such circumstances, there must be proof that the warehouseman had not exercised due diligence in protecting the goods. In other cases the warehouseman has excused himself by showing that the goods were destroyed by fire, and the courts have held that it is then incumbent upon the bailor to prove that the fire was caused by some negligence for which the bailee was responsible; but here the bailee proves nothing whatever. The goods are gone, the box is empty, and I do not believe that such proof, or we might better say utter failure of proof, shifts the burden back upon this plaintiff. In the case of Mautner v. Terminal Warehouse Co., 25 Misc. Rep. 729, 55 N. Y. Supp. 603, the court said:

"It is true that, when he has proved the contract of storage, the receipt of the goods by the warehouseman, and the injury upon which his cause of action is predicated, a prima facie case of negligence has been made out, *and he would be entitled to judgment if no further proof should be made.* But, where the defendant has offered evidence accounting for the damage which is susceptible of the inference that there was no lack of care on his part, *the plaintiff must resume* his proofs, and reassume the burden of establishing by affirmative evidence that the defendant had been negligent."

It seems to me that it is a fair inference from all of these cases that, before the plaintiff must "resume his proofs," this defendant must give some proof. It is entirely probable that the coat in question was stolen, and it is a fair inference that defendant must have left the coat somewhere where it might be stolen; in fact, it must have done so, as the coat has vanished. It has not proved any burglary, railroad wreck, or other misfortune in the course of which this garment might have been stolen or lost out of its case. If it is not to be called upon for any proof, except simply its inability to produce anything but the empty packing case, it is difficult to conceive of a case in which a warehouseman could be put to any proof at all, because, as we have pointed out, it is impossible to see how producing the empty case puts the defendant in any better situation than if it was unable to produce anything. The cogent fact about the whole case is that they cannot produce the coat, or in any way at all account for its absence; and I think that it is, therefore, liable to the plaintiff, and the judgment must, therefore, be affirmed, with costs.

An order may be prepared accordingly.

Judgment affirmed, with costs.