(155 App. Div. 379.)

## WALDMAN v. KLEIN.

(Supreme Court, Appellate Division, Second Department. February 14, 1913.)

BAILMENT (§ 23*)—RETURN OF GOODS—SELECTION OF CARRIER.

    Where there was a special agreement between plaintiff and defendant that goods sent by plaintiff to defendant for cleaning should be returned by "express," that plaintiff departed from his usual custom in making his last shipment by selecting the N. Express Co. to transport the goods to defendant did not obligate defendant at his peril to select the same company for the return of the goods, and the fact that defendant selected another reputable express company, by which the goods were lost, did not render defendant liable therefor.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 107–116; Dec. Dig. § 23.*]

Appeal from Trial Term, Orange County.

Action by Morris J. Waldman against Leontine Klein. Judgment for plaintiff, and defendant appeals. Reversed and dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Schlesinger & Schlesinger, of New York City (Jacob B. Engel, of New York City, of counsel), for appellant.

Henry Hirschberg, of Newburgh, for respondent.

CARR, J. On the trial of this action, both parties made a motion for a direction of a verdict. The trial court directed a verdict in favor of the plaintiff, and judgment was entered thereon, from which the defendant now appeals.

The plaintiff carried on a tailoring business in the city of Newburgh, and the defendant carried on a dyeing and cleaning business in the borough of Brooklyn, city of New York. On June 27, 1910, the plaintiff shipped to the defendant, through the National Express Company, a package of merchandise, on which the defendant was to perform certain work. After the performance of the work in question by the defendant, she properly packed and addressed the merchandise in question for delivery to the plaintiff at Newburgh, N. Y., and then delivered the same to the American Express Company for transportation to the plaintiff. While the goods were in the possession of said express company they were lost. The plaintiff thereupon brought this action to recover from the defendant the value of the goods in question.

It appears from the uncontradicted proofs that the parties had been doing business together for some time. The plaintiff formerly carried on business in the city of New York, and then such goods as were left with the defendant were returned by the trucks of the defendant to the plaintiff's place of business; but on his removal to the city of Newburgh he notified the defendant that he would from time to time make shipments of goods on which work was to be done by the defendant, and he directed that such goods were to be returned to him at Newburgh by "express." Thereafter shipments began from the plaintiff at Newburgh to the defendant at Brooklyn, and in return

from the defendant at Brooklyn to the plaintiff at Newburgh. Such shipments took place about once every week for a period of nearly a year. All the shipments made by both parties, except the last one, were made through the American Express Company. The last shipment, however, made by the plaintiff to the defendant, was by the National Express Company, and it is the essence of the plaintiff's claim against the defendant, that the failure of the defendant to return said goods through the National Express Company constituted a breach of the bailment between the parties, and that, in selecting the American Express Company as a medium of transportation of the lost package, the defendant made such express company exclusively her own agent. It was stipulated between the parties to this action as follows:

"That there was no special or express contract between the parties that the goods, wares, and merchandise should be delivered by the defendant to the National Express Company, in returning the goods, wares, and merchandise to plaintiff."

The learned trial court was of opinion that there was a general rule of law that the bailee should return the goods by the same carrier by which the bailor had sent them, or else the carrier by whom the bailee sought to return the goods must be regarded as her agent, and not that of the bailor. In support of this assumed general rule, Polack v. O'Brien, 114 App. Div. 366, 100 N. Y. Supp. 385, is cited. Such rule, however, was not declared in that case. There a party had sent some goods from the city of New York to the city of Troy, for the purpose of having some work done upon them. The bailee received the goods through the medium of a certain express company, and, after performing the work required, shipped the goods back to bailor through the same express company. The goods were lost in transit, and it was sought by the bailor to charge the bailee with liability therefor, on the ground that the express company in question was the agent of the bailee. In that case, however, there was no agreement between the parties as to what method should be adoptd by the bailee to return the goods to the bailor; but it was evident that it was not contemplated between them that the bailee should personally deliver the goods to the bailor in the city of New York. It was held that, as the bailee adopted the very same medium of transportation for the purpose of returning the goods to the bailor as had been selected by the bailor for the purpose of shipping them to the bailee, the facts disclosed no negligence on the part of the bailee from which liability on his part would follow. It was not asserted by the learned court in that case, for the question was not involved therein, that the bailee should have been liable, had he used any other medium of transportation than the very one which the bailor had used originally.

We are unable to find any authority which declares a general rule such as the learned trial court thought applicable to the facts of this case. Here there was a specific agreement between the parties that the goods should be returned by the bailee to the bailor by "express." It is conceded that there was no express agreement that such return of the goods should be made through the National Express Company. The mere fact that the bailor departed from his usual custom in mak-

ing his last shipment, and then selected the National Express Company as the medium of transportation, did not obligate the bailee at his peril to select the same medium for the return of the goods, in the absence of any direction from the bailor to that effect. Under these circumstances, there seems to be no ground of liability on the part of the defendant. No claim is made that the American Express Company, one of the best-known express companies in this part of the country, was not in itself an ordinarily safe medium of transportation, or that there was any reason, in the exercise of ordinary prudence, why the defendant should avoid the use of this medium, unless a duty of returning the goods through the National Express Company was to be imported by implication into the contract between the parties.

The judgment appealed from should be reversed, with costs and disbursements, and judgment is directed against the plaintiff, dismissing the complaint upon the merits, pursuant to section 1317 of the Code of Civil Procedure, with costs. All concur.