■ JAY MAISEL, Respondent, v GRUNER & JAHR USA, INC., Appellant. — Order and judgment (one paper) Supreme Court, New York County (Blangiardo, J.), entered January 11, 1982 which granted plaintiff's motion for partial summary judgment on the issue of liability and adjudged defendant liable to plaintiff for an amount to be determined at trial, and denied defendant's cross motion for summary judgment, unanimously modified, on the law, without costs, to deny plaintiff's motion for partial summary judgment, and otherwise affirmed. Plaintiff is in the business of selling or leasing rights to reproduction of slide photographs. Defendant, a magazine publisher, asked defendant if he had photographs of Fifth Avenue covered with snow to illustrate a magazine article to be published in Germany. Plaintiff delivered 20 slides by messenger to plaintiff. Enclosed with the slides was a printed form containing, in relevant part, the following language: "Please handle with care. Do not touch or allow anything to touch the surface of a transparency. All those lost or damaged will be billed at a minimum of $2,500.00 each. All photos submitted are Copyrighted 1979/1980 by Jay Maisel, and will remain his property. We are not selling the photo itself; only reproduction rights as assigned by our Invoice. Final fee, must be agreed upon, purchase order issued and payment received before any photo is used for publication. The submission of photographs does not constitute any permission to use these photographs * * * Do not return photos by mail. All photos will be delivered to you by messenger or air courier.

Please return them the same way". After the slides were shipped by defendant to its Germany office for approval, and later returned to defendant's New York office, defendant placed the slides in an envelope addressed to plaintiff. The envelope was then picked up by Cosmic Messenger Service for delivery to plaintiff, but for unknown reasons the envelope was lost. The general rule is that if a bailee fails to return a bailor's property, there is a presumption of liability, and if the property cannot be found a prima facie case of negligence exists. But if it appears that the cause of the loss was not within the bailee's control, the prima facie case is overcome and the bailor must prove negligence by the bailee. (*Polack v O'Brien,* 114 App Div 366, 369.) The record presents an issue of fact as to whether the loss was occasioned through want of care by defendant in delivering the envelope containing the slides to the messenger service with proper instructions for delivery, or whether Cosmic Messenger Service was solely at fault. Defendant may not be held liable on the theory that Cosmic was defendant's agent. (See *Waldman v Klein,* 155 App Div 379; *Stearns v Farrand,* 29 Misc 292 [App Term, 1st Dept]; *Ash v Hayes Stor. Warehouses,* 168 NYS 631 [App Term, 1st Dept]). In *Waldman v Klein (supra),* the bailor had directed that the bailee was to return the goods by "express." The goods in question were shipped to the bailee by National Express Company. The bailee shipped the goods back to the bailor by American Express Company and they were lost during shipment. The court held that in the absence of a claim that American Express was not an ordinarily safe medium of transportion, and unless a duty of returning the goods through National Express could be imported by implication into the contract between the parties, there was no ground of liability on the part of the defendant bailee. Finally, we are not persuaded by plaintiff's argument that the defendant is liable irrespective of its negligence, or Cosmic's negligence, because the printed form accompanying the slides imposed an insurer's liability on defendant. First, the language respecting defendant's liability was not approved by defendant expressly or by silence and therefore does not bind defendant. (*Matter of Albrecht Chem. Co. [Anderson Trading Corp.],* 298 NY 437; cf. Uniform Commercial Code, § 2-207, subd [2], par [b].) Second, even if that language were binding on defendant, it did not expressly impose an insurer's liability on defendant. (See *Davis v Lampert Agency,* 30 AD2d 299.) It is accordingly unnecessary to decide whether any liability may be imposed on defendant for Cosmic's negligence even if defendant had assumed the status of an insurer where defendant's delivery to a messenger service was pursuant to plaintiff's direction. (See *Reiner & Bros. v World Fire & Mar. Ins. Co.,* 53 NYS2d 118.) Accordingly, the order and judgment is modified to vacate the first, third and fourth decretal paragraphs, plaintiff's motion for partial summary judgment is denied, and the order and judgment is otherwise affirmed. Concur — Murphy, P. J., Sandler, Carro, Silverman and Milonas, JJ.