■ FOCUS ON SPORTS INC., Appellant, v NEWSWEEK INC., Respondent.—

Plaintiff, a photographic stock house, delivered color slide transparencies to defendant in response to photo subject requests submitted by telephone. Each delivery was accompanied by plaintiff's standard delivery memo, which included a "holding fee" in the nature of a liquidated damage provision stating that the holding of any transparencies beyond 14 days would subject the customer to a fee of $5 per week per color slide. The slides were misplaced by defendant, and were not all returned to plaintiff until more than two years later. Plaintiff brought suit while the slides were still missing, and subsequently moved for summary judgment in the amount of $122,410 based upon the holding fee charge. Defendant crossmoved to compel document disclosure, arguing that such would show that the actual value of the missing slides is more like $1 per slide per year, so that the actual loss of income sustained by plaintiff was under $500.

Questions of fact exist precluding summary judgment. First, defendant's receipt of the slides without any signed acknowledgment does not necessarily mean that it acquiesced by silence in all the terms of plaintiff's proffered contract as contained in its delivery memo *(Matter of Albrecht Chem. Co. [Anderson Trading Corp.],* 298 NY 437; *Maisel v Gruner & Jahr USA,* 89 AD2d 503, 504), and the liquidated damage provision therein might very well be void as a penalty. Also, the terms of the agreement itself raise questions of fact concerning the initial oral agreement between the parties, whether and how it was intended to be modified in writing, and how it might have been affected by the existing relationship between the parties and custom and practice in the trade. Summary judgment was properly denied, and defendant's document disclosure demands were properly determined to be directed towards a relevant area of inquiry, namely, plaintiff's damages. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.