Henry Epstein, J.
Plaintiff is a dealer in antique furniture in which business his wife also assists him, maintains the books and accounts. Defendant is a corporation operating a business of renting rooms for storage, operating part of its premises as a warehouse, and carting and shipping merchandise and art objects. This action is for damages claimed to have been caused to articles of furniture placed in a rented room of defendant corporation’s place of business by said defendant’s negligence and for recovery of the value of a Persian prayer rug claimed to be missing when the furniture and rugs were removed by plaintiff in October, 1955. Plaintiff inspected and knew the nature of defendant’s business and available rooms for storing merchandise. Plaintiff had on occasion prior to May, 1955 used services of defendant for packing and shipping furniture here and abroad. On or about April 25, 1955 plaintiff contracted to have defendant remove furnishings to the defendant’s “ Warehouse Boom #4” at 419 East 54th Street, New York. The transportation charges are set out as $288.40 and the agreement was signed by V. de Koenigsberg, plaintiff’s wife and associate. The date fixed for such removal was May 2,1955.
On or about May 2,1955 a written agreement was entered into by plaintiff and defendant, dated May 2, 1955 whereby defendant, described as ‘ ‘ Landlord ’ ’, rented to plaintiff, described as “ Tenant ”, space known as “ Boom #4 ” for $85 per month, payable in advance. This agreement expressly provides: “ 3. It is specifically understood and agreed between the parties, that the ‘ Landlord ’ carries no insurance whatsoever for the protection of the 1 Tenant ’, against any hazard, and that the ‘ Tenant ’ will carry all necessary insurance to protect his own interests. ’ ’
Plaintiff’s merchandise (furniture and rugs) was stored in room No. 4 on May 2, 1955 and was removed from storage and redelivered to plaintiff on October 27, 1955. A few days after May 2, 1955, plaintiff placed his own lock on the door of room No. 4 and left one key in defendant’s possession, retaining one for himself. At various times during the Summer of 1955 and while plaintiff’s belongings were in defendant’s storeroom plaintiff himself, and by moving men hired by him, both stored and removed from the storage room No. 4 various goods. He either furnished his own key to the lock or personally authorized defendant’s president, John D. Brown, by telephone call to allow such access to the room. There is some conflict in testimony of plaintiff and defendant on what did transpire between May 2, and October 28,1955. The substantial weight of credible evidence is with defendant. The original agreement at $85 per *790 month expired September 2. It was extended to October 2, at the $85 rate and thereafter to be at $100 per month. Defendant has counterclaimed for $441 due for unpaid room rental. Plaintiff interposes no defense to this counterclaim. On September 30,1955 defendant demanded the rentals unpaid and forwarded a renewal of the “lease ” at the $100 rental. This was not signed.
About half of plaintiff’s claim is for damages to antique furnishings alleged to be due to careless storing in room No. 4 by defendant. The balance ($5,600) is claimed for the loss of a “ Small Ispahan Bug”, a Persian-Indian prayer rug. That item appears as item “ 32 ” on the list of those received for storage. When the articles were taken from plaintiff’s place (787 Fifth Ave., N. Y. City) to the defendant’s warehouse and storerooms (two distinct operations, the warehouse operation in the basement and the storerooms rented on the ground floor) defendant’s employees listed the articles which revealed damaged status. A copy of this was delivered to plaintiff and one kept by defendant. This recorded list makes plaintiff’s claim for damages to the articles incredible since it varies from the theory of the complaint and also is not established by the believable evidence offered. Plaintiff’s wife herself noted damages to some items for which recovery is sought in the handwritten memorandum receipt from defendant under date of ‘ ‘ 3-31-1955 ’ ’. It was not until October 28, 1955, after removal of all his furnishings from defendant’s premises, that plaintiff made any claim for the alleged damages and lost rug, the subject of this action. That claim is in a letter of October 28, 1955. Discrepancies between plaintiff’s examination before trial and his testimony at the trial add strength to defendant’s case.
This is not a case of conversion by defendant of plaintiff’s goods. Plaintiff expressly provided for his own control of a specific space and placed his own lock on the door. He used his own choice of truckmen to enter and leave the premises with his goods. Such cases as approximate the facts herein support defendant (Levin v. Eleto Realty Gorp., 160 Mise. 141; Cornelius v. Berinstein, 183 Mise. 685, 690). The case of Hersig v. New York Cold Stor. Co. (115 App. Div. 40, affd. 190 N. Y. 511) is far removed from the instant case on the facts and is inapplicable here. In the ease at bar there is a complete failure of proof of defendant’s negligence; there is no proof of a warehouse storage relationship; the control of the room and the materials therein stored was always with plaintiff by his own choice. Under these circumstances the court has no alternative but to dismiss the *791 complaint and direct judgment for defendant in the sum of $441, with interest and costs. Findings and conclusions having been dispensed with by stipulation, the foregoing constitutes the decision herein.
Settle judgment.