■ KENNETH ROSS, Appellant, v TUCK-IT-AWAY, INC., et al., Respondents.—Order of the Appellate Term of the Supreme Court, First Department (Jawn Sandifer, J. P.; Edith Miller and William McCooe, JJ.), entered April 12, 1990, which affirmed a judgment of the Civil Court, New York County (Stuart Cohen, J.), entered September 13, 1988, which, after bench trial, *inter alia,* limited plaintiff's monetary award against defendant Tuck-It-Away, to the sum of $1,000, unanimously affirmed, with costs.

Plaintiff commenced this action to recover the value of goods stored in a self-service storage facility operated by defendant Tuck-It-Away. Plaintiff had exclusive control of his storage space as he provided the combination lock and only he had the combination. Additionally, only he had knowledge of

what items were stored therein. Pursuant to the terms of the written storage agreement, which conformed with Lien Law § 182, plaintiff covenanted that the value of the goods stored would not exceed $1,000 and agreed that defendant had no duty to secure the property. Several days following plaintiff's storage of items which he alleged to have an aggregate value in excess of $17,000, he was advised by defendant that a problem existed with his locker space. Plaintiff made no effort to discover the nature or extent of the problem for at least a week. Thereafter, he was informed that the locker space, being empty, had been rented to a new party. Plaintiff commenced an action against defendant and his insurer, which has been settled as against Aetna.

The relationship between the parties was that of landlord-tenant, not bailor-bailee (Osborn v Cline, 263 NY 434). Further, plaintiff has failed to establish control by defendant of sufficient exclusivity to fairly rule out the chance that the loss was caused by an agency other than defendant's negligence (see, Ebanks v New York City Tr. Auth., 70 NY2d 621, 623).

Nor were the provisions of Lien Law § 182 violated so as to call into play the treble damages provision therein (Lien Law § 182 [4] [a]). Plaintiff has not preserved for appellate review the claim that he is entitled to treble damages under RPAPL 853 and we decline to review same in the interest of justice. Concur—Sullivan, J. P., Kupferman, Ross and Rubin, JJ.