■ CBS INC., Appellant, v P.A. BUILDING COMPANY et al., Respondents. [606 NYS2d 674] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered November 13, 1992, which, *inter alia,* granted summary judgment to defendants and dismissed the complaint, unanimously affirmed, without costs.

We agree with the IAS Court that there is no ambiguity in the escalation clause of the parties' original lease. Moreover, viewing plaintiff's consistent payment for close to a decade of commercial rent charges, on a "compounded" basis with the inclusion of calculations under an escalation clause derived from the porter wage index, under the original lease (as amended periodically), its renegotiation of the escalation clause for the renewal lease, which resulted in the omission, in substantial part, of the "compounding" of annual base rent, and plaintiff's failure to challenge such compounding of rent for a portion of the premises which was included in the renewal lease, it is clear the parties' practical construction comports with the plain meaning of the escalation clause *(see, Kenilworth Realty Trust v Bankers Trust Co.,* 112 Misc 2d 523). Plaintiff was placed on constructive notice of the compounding effect permitted by original paragraph 39 (b) *(see, Fidelity & Deposit Co. v Queens County Trust Co.,* 226 NY 225, 233), and its long-term acquiescence in defendants' interpretation of that clause undermines plaintiff's present claim that it was overcharged *(Feinstein v Levy,* 121 AD2d 499). Although the result of this construction of the escalation clause is economically harsh, parties are free to make their own contracts, and courts do not serve as business arbiters between parties in approximately equal stances *(Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211, 218-219). No issues of fact remain to be resolved by trial. Concur—Carro, J. P., Ellerin, Asch and Nardelli, JJ.