■ Bernard Goldberg, Appellant, v Manhattan Mini Storage Corporation, Respondent, et al., Defendants. [640 NYS2d 493]

There is no merit to defendant's argument that the limitation of liability contained in the parties' occupancy agreement, in accordance with Lien Law § 182 (2) (a) (v) and a factor in determining the monthly occupancy charge, should not be enforced because of defendant's various breaches of the agreement. Service of the notice of sale by certified mail return receipt requested is plainly authorized under Lien Law § 182 (7), evincing a clear legislative intent that Lien Law § 201 is not to apply to this separately and specially treated contractual relationship. Section 182 (7) did not require the itemized statement of the amount owed, which was annexed to the notice of sale and which adequately described the contents of the space as "the property stored by you", to have been verified. Plaintiff's claim that a prior course of conduct lulled him into a belief that his property was not in danger of being sold is without merit in view of the no-waiver clause in the agree-

ment. Finally, all of defendant's acts claimed to constitute negligence in the sale, even if true, occurred after defendant commenced enforcement of its section 182 lien, which was the precise circumstance to which the limitation of liability was to apply (*see, Ross v Tuck-It-Away*, 180 AD2d 428). Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.