OPINION OF THE COURT
Memorandum.
*541 Judgment unanimously reversed without costs and complaint dismissed.
One of the essential elements of a bailment is that the property be taken into the possession of the bailee (Osborn v Cline, 263 NY 434, 437). The determination as to whether the relationship is one of bailor and bailee turns on whether there is a relinquishment of exclusive possession, control and dominion over the property (9 NY Jur 2d, Bailments and Chattel Leases, §§ 13, 14; Dubay v Trans-America Ins. Co., 75 AD2d 312, 317), and “depends on the place, the conditions, and the nature of the transaction” (Osborn v Cline, supra, at 437; see also, Dubay v Trans-America Ins. Co., supra, at 317). The determination is crucial because loss of stored goods gives rise to a presumption of negligence in a bailment situation, but no such presumption attaches where goods are stored by the owner on property leased by him since no bailment exists (9 NY Jur 2d, Bailments and Chattel Leases, § 13).
In the instant case, plaintiff entered into a rental agreement for a storage space at defendant’s self-storage facility. Plaintiff procured his own lock for the storage space, and the rental agreement specifically provided that defendant would have neither the key nor the combination. There is no indication in the record that plaintiff furnished defendant with a list of the property stored during the period of storage, and at trial, plaintiff testified that he had direct access to the storage facility by using a code provided by defendant. Plaintiffs property was never taken into the possession of defendant, and plaintiff did not relinquish exclusive possession and control over the property. On these facts, the relationship created was one of lessor and lessee, and not bailor and bailee, as the court below erroneously determined (see, Ross v Tuck-It-Away, 180 AD2d 428; de Koenigsberg v Brown’s Warehouse Corp., 17 Misc 2d 788; see also, Levy v Morgan Bros. Manhattan Stor. Co., 204 AD2d 695). Contrary to plaintiffs contention, the fáct that access to the facility itself was limited to the office hours posted by defendant, and as provided for in the rental agreement, is insufficient to transform the character and nature of the transaction into a bailment. Plaintiffs proof at trial failed to establish defendant’s negligence (see, Ross v Tuck-It-Away, supra, at 429). Accordingly, the judgment is reversed and the complaint dismissed.
Kassoff, P. J., Chetta and Patterson, JJ., concur.