■ ONE HUNDRED GRAND, INC., Respondent, v KAREN CHAPLIN, Formerly Known as KAREN ROCHON, Appellant. [895 NYS2d 68]—

Order of the Appellate Term of the Supreme Court in the First Judicial Department, entered on or about May 12, 2008, reversing the judgment of the Civil Court of the City of New York, New York County (Barbara Jaffe, J.), entered on or about February 22, 2006, which, after a nonjury trial, dismissed the petition, and remanding the matter to Civil Court for a calculation of additional rents owed by tenant in accordance with the Appellate Term's decision and for entry of judgment accordingly, unanimously affirmed, without costs.

In this commercial nonpayment proceeding, the relevant provisions of the landlord's offering plan and the parties' lease were ambiguous, i.e., "reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]), as to how "additional rent" for increased building expenses was to be calculated for the commercial space. Thus, Appellate Term properly looked to evidence of the parties' course of conduct, including the landlord's annual billing for and the tenant's payment of additional rent since the inception of the tenancy in the mid-1980s, showing that the "base year" methodology had been utilized to compute additional rent (*see Eighty Eight Bleecker Co., LLC v 88 Bleecker St. Owners, Inc.*, 34 AD3d 244 [2006]).

We reject the tenant's claim on appeal that the landlord failed to satisfy a condition precedent for collecting additional rents from her because it did not provide annual detailed accountings of the building's expenses. The landlord's annual bills to the tenant provided notice of each component of additional rent sought, i.e., a percentage of the expenses borne by the building, and the differential between the base year and relevant year for

each component, in the computation of tenant's total amount of additional rent due for that year. The record also demonstrated that the tenant was provided with a detailed accounting of the building's expenses at some point after it had been requested. Concur—Andrias, J.P., Saxe, Sweeny, Moskowitz and Abdus-Salaam, JJ. [**Prior Case History: 19 Misc 3d 141(A), 2008 NY Slip Op 50969(U).**]