■ KOLMAR AMERICAS, INC., Appellant, v BIOVERSEL INC., Also Known as BIOVERSEL TRADING INC., Respondent. [932 NYS2d 460]—

Plaintiff's attempt to insert ambiguity into the applicable tax clause contained in the general terms and conditions (GTC) of the agreement between the parties which required plaintiff to pay defendant all taxes "paid or incurred by [defendant] directly or indirectly with respect to the product sold," is unpersuasive. "A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave.*, 1 AD3d 65, 69 [2003], *lv dismissed* 2 NY3d 794 [2004]). Contrary to plaintiff's argument, the language employed in the contract should not be modified by, or read together with, the "Title and Risk of Loss" provision. Nor should the term "indirectly" be read narrowly as such a reading would render the counterpart term covering taxes paid "directly," meaningless, and run afoul of the "cardinal rule of construction that a court adopt an interpretation that renders no portion of the contract meaningless" (*Diamond Castle Partners IV PRC, L.P. v IAC/InterActiveCorp*, 82 AD3d 421, 422 [2011]).

Article 2 of the UCC does not authorize the introduction of parol evidence to vary the plain meaning of the GTC tax clause. Extrinsic evidence does not merely "explain" or "supplement" a contractual term within the meaning of UCC 2-202 when the purported explanation or supplement actually contradicts the unambiguous contractual terms (*see* UCC 2-202; *Intershoe, Inc. v Bankers Trust Co.*, 77 NY2d 517, 523 [1991]).

The motion court's grant of partial summary judgment while directing that an inquest be held after discovery is completed was a provident exercise of its "wide discretion" (*see Robert Stigwood Org. v Devon Co.*, 44 NY2d 922, 923-924 [1978]). Pursuant to the motion court's order, at the inquest, defendant will bear the burden of proving its damages, i.e., the amount it paid or incurred, directly or indirectly, with respect to Florida fuel taxes in connection with the subject contract.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom J.P., Andrias, Acosta, Freedman and Richter, JJ.