■ MURRAY HILL MEWS OWNERS CORP., Appellant, v RIO RESTAURANT ASSOCIATES L.P., Respondent. [938 NYS2d 59]—

There is no ambiguity in the rent escalation clause of the parties' lease (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]). Pursuant to the plain terms of the clause, the fixed rental is a changing, not static, figure to be used in determining annual rent increases, including increases based on changes in the consumer price index. This interpretation of the clause best accords with the remainder of the lease (*see Rentways, Inc. v O'Neill Milk & Cream Co.*, 308 NY 342, 347 [1955]). Further, when viewing the parties' course of conduct—including respondent's consistent payment for over eight years, without protest, of rent increases based on a compounded fixed rent figure, and its renegotiation of the renewal lease on the same terms as the original lease—it is clear that petitioner's construction of the escalation clause comports with the parties' intent (*see CBS Inc. v P.A. Bldg. Co.*, 200 AD2d 527 [1994]). Respondent's affirmative defense that it was overcharged is undermined by its admitted receipt of at least some of the rent notices and its long-term acquiescence in petitioner's interpretation of the escalation clause (*see CBS, Inc.*, 200 AD2d at 527). Even if the result of this construction is economically harsh, where, as here, the lease is entered into at arm's length between two sophisticated parties, the courts will not interfere (*George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 217-218 [1978]; *CBS Inc.*, 200 AD2d at 527). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 30 Misc 3d 129(A), 2010 NY Slip Op 52298(U).]**