■ ERIK OSBERG, Appellant, v RAJ RAJARATNAM et al., Respondents. [946 NYS2d 21]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered March 28, 2011, which, in this action alleging a breach of an employment agreement, granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The record shows that pursuant to the express terms of the subject employment agreement, which plaintiff executed while represented by counsel, plaintiff was an at-will employee subject to termination "at any time, for any reason, with or without cause." Moreover, the bonus that he seeks to recover was expressly and unambiguously conditioned upon his working through the end of the relevant calendar year. Because plaintiff's employment was terminated prior to the end of the year when defendant Galleon Group, LLC folded following an investigation for insider trading and the subsequent arrest of defendant Rajaratnam, plaintiff never became eligible to receive the bonus (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 493 [1989]; *Kolmar Ams., Inc. v Bioversel Inc.*, 89 AD3d 493, 494 [2011]; *D'Amato v Morgan Stanley Dean Witter Discover & Co.*, 268 AD2d 392 [2000]).

The record further demonstrates that plaintiff's claims for breach of an implied contract and for fraud are not viable. "[A] contract cannot be implied where there is an express contract covering the same subject matter" (*Azimut-Benetti S.p.A. v Magnum Mar. Corp.*, 55 AD3d 483, 484 [2008]), and plaintiff failed to provide factual support for the allegations that the statements made by Rajaratnam were fraudulent.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, Acosta, Freedman and Román, JJ.