HUTCHINSON BURGER, INC., et al., Respondents, v HUTCH RESTAURANT ASSOCIATES, L.P., et al., Appellants, et al., Defendant. [954 NYS2d 87]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.),

entered January 10, 2012, which, in this action for, inter alia, breach of contract, upon reargument, to the extent appealed from, denied so much of defendants-appellants' motion as sought to dismiss the complaint as against defendants Hutch Restaurant Associates, L.P., Burger Brothers Hutch, Inc., and John Froccaro, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered June 27, 2011, unanimously dismissed, without costs, as superseded by the appeal from the order on reargument.

In this case, plaintiffs were obligated to obtain a valid drive-thru permit as a condition to the closing of the sale of a Burger King restaurant. When the initial closing date passed without the permit, the parties executed an amendment that lowered the purchase price of the property, payable as cash and a non-interest-bearing note to the plaintiffs. This amendment also provided for a reduction in the value of the note should the plaintiffs fail to obtain the drive-thru license within a new specified time. Several weeks later, without a closing or progress on the permit, the parties revised the agreement again to add that the outstanding balance on the note would be further reduced to zero should the plaintiffs fail to obtain the permit within one year of the closing date. The transaction closed on March 24, 2009 with the cash payment and the transfer of the note. On September 14, 2010, over six months after the one year time limit for obtaining the permit, it was finally obtained.

Plaintiffs now claim that the amendment reducing the value of the note to zero was a penalty disguised as a liquidated damages clause. The motion court denied defendants' motion to dismiss on the ground that there were questions of fact concerning a meeting of the minds with regard to the amendment.

The documentary evidence submitted on the motion conclusively establishes that the 100% reduction term in the note at issue is fully enforceable (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). Indeed, the evidence shows that plaintiffs had notice of the term, discussed it amongst themselves and, ultimately, signed a letter agreement referencing the note containing the amendment at issue. That plaintiffs' representatives at closing failed to read the actual note is of no moment. Indeed, "a party who signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it" (*Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 304 [2001]). Here, there is no valid excuse for plaintiffs' failure to read the note. The documentary evidence refutes any claim of fraud on the part of defendants (*see*

*Pimpinello v Swift & Co.*, 253 NY 159, 162-164 [1930]). Further, plaintiffs never argued that their attorney lacked authority to sign the letter agreement, nor does the evidence support such a claim. Indeed, the record shows that plaintiffs' attorney signed the agreement pursuant to a power of attorney given by the corporate plaintiff's president, and in the presence of one of the corporate plaintiff's officers. The harsh result of enforcing the 100% reduction term does not render it a penalty (*see CBS Inc. v P.A. Bldg. Co.*, 200 AD2d 527, 527 [1st Dept 1994]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.