OPINION OF THE COURT
Per Curiam.
Order, entered September 21, 2012, reversed, with $10 costs, motion denied and defendants-appellants’ counterclaims reinstated.
The disputed language contained in article 7 of the governing elevator maintenance agreement — amorphously headed “Responsibility” — is ambiguous, i.e., “reasonably susceptible of more than one interpretation” (One Hundred Grand, Inc. v Chaplin, 70 AD3d 513, 513 [2010], quoting Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). The language under scrutiny, read literally and broadly, as urged by plaintiff, can be interpreted as limiting plaintiffs liability for damages “of any kind” in any action, whether brought by defendant or a noncontracting third party. However, the narrower interpretation offered by defendants-appellants, that the challenged portion of article 7 was intended only to constitute the parties’ allocation of the risk of liability to third parties, is not unreasonable since it appears consistent with the remaining provisions of article 7 and the format of the contract as a whole (see Atwater & Co. v Panama R.R. Co., 246 NY 519 [1927]; Bijan Designor For Men v Fireman’s Fund Ins. Co., 264 AD2d 48, 51-52 [2000], lv denied 96 NY2d 707 [2001]). “Where, as here, the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment” (Pepco Constr. of N.Y., Inc. v CNA Ins. Co., 15 AD3d 464, 465 [2005]) or a motion to dismiss pursuant to CPLR 3211 (see Telerep, LLC v U.S. Intl. Media, LLC, 74 AD3d 401, 402 [2010]).
Torres, J.P, Schoenfeld and Shulman, JJ., concur.