Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about January 2, 2013, which granted defendant’s motion to dismiss the complaint, unanimously affirmed, with costs.
The terms of the subject lease unambiguously contradict the allegations supporting plaintiff’s claims, thereby warranting dismissal of the complaint pursuant to CPLR 3211 (a) (1) (see 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5 [1st Dept 2004]). The lease provision requiring plaintiff tenant to pay taxes levied against its own signs affixed to defendant landlord’s building, but not with respect to signs of other tenants, does not apply to limit a separate lease provision obliging plaintiff to pay a proportionate share of real estate taxes imposed on the building, even though those real estate taxes are based on a valuation that takes into account income earned from the signs of other tenants. Furthermore, when reviewing the parties’ course of conduct, including plaintiffs consistent payment of its share of the real estate taxes for over 12 years without protest, it is clear that defendant’s construction of the relevant lease provisions comports with the parties’ intent (see Murray Hill Mews Owners Corp. v Rio Rest. Assoc. L.P., 92 AD3d 453 [1st Dept 2012]). Concur — Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ. [Prior Case History: 38 Misc 3d 1204(A), 2013 NY Slip Op 50000(H).]