EMPIRE INSURANCE COMPANY as Successor in Interest to ALLCITY INSURANCE COMPANY, Respondent, v ROBERT SAN MIGUEL, Defendant, and THOMAS McHENRY, Appellant. [981 NYS2d 380]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 11, 2013, which granted plaintiff Empire Insurance Company's motion for summary judgment declaring that it had no obligation to defend or indemnify its insured, defendant Robert San Miguel, in the underlying action,

unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 10, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Empire policy states, in relevant part: "[o]ur obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability." The term "occurrence" is not ambiguous, as it refers to a "fortuitous event," as opposed to an intended act (*see* Insurance Law § 1101; *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 220 [2002]). Further, the policy utilizes the terms "accident" and "occurrence" interchangeably, as it states that "[a]ll 'bodily injury' and 'property damage' resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one occurrence." Reading the above sentence to include an intentional assault with a metal pipe (the act at issue here) within the meaning of "occurrence" would make no textual sense and would "run afoul of the 'cardinal rule of construction that a court adopt an interpretation that renders no portion of the contract meaningless' " (*Kolmar Ams., Inc. v Bioversel Inc.*, 89 AD3d 493, 494 [1st Dept 2011]).

Although the injured party now argues, contrary to his pleadings and testimony before the trial court, that the injuries he received from Empire's insured were the unexpected result of an intended act, where the harm to the victim was inherent in the nature of the act, courts have determined that there is no coverage, despite the fact that the intention of the insured, allegedly, was not to cause the harm (*see Allstate Ins. Co. v Mugavero*, 79 NY2d 153, 161 [1992]). The insured testified in the underlying action that he intended to hit McHenry with a metal pipe in order to "subdue" him. The fact that the injuries may have been more extensive than San Miguel intended does not negate the fact that this was an intentional assault.

The jury found that San Miguel did not act in self defense, and having tried the case to verdict and there having been a judgment entered on the verdict, both McHenry and Robert San Miguel are bound by the verdict that San Miguel engaged in an intentional and unjustified assault of McHenry (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 668 [1990]). Concur—Mazzarelli, J.P., Andrias, DeGrasse and Clark, JJ.