Feuer v Feuer (2019 NY Slip Op 08607)





Feuer v Feuer


2019 NY Slip Op 08607


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


151738/16 10484A 10484

[*1] Jeffrey Feuer, Plaintiff-Appellant,
v
Rhoda Feuer, Defendant-Respondent.


Law Office of Fank Taddeo, Jr., New York (Fank Taddeo, Jr. of counsel), for appellant.
Law Office of Barton P. Levine, New York (Barton P. Levine of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered May 24, 2019, awarding defendant $33,000 of escrow funds, plus prejudgment interest at 9% per year from July 8, 2010 to November 7, 2018, and bringing up for review (1) an order, same court and Justice, entered April 24, 2019, which denied that part of plaintiff's order to show cause that sought to adjust statutory interest; (2) an order, same court and Justice, entered September 24, 2018, which denied plaintiff's motion for leave to renew and reargue his prior motion for summary judgment and defendant's cross motion for summary judgment; and (3) an order, same court (Erika M. Edwards, J.), entered December 27, 2017, which denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment, unanimously affirmed, without costs.
After the death of defendant's husband, defendant was required to probate his Last Will and Testament in order to receive his 50% interest in a cooperative apartment, which the couple owned as tenants in common. To probate the will quickly, so as to consummate the sale of the co-op, it was necessary to obtain Waivers of Probate/Consents to Probate from the couple's three children, including plaintiff herein. Plaintiff refused to sign a waiver, claiming that before his death, his father told him that he signed a superseding will, which provided for $100,000 in specific bequests to be shared equally by plaintiff and his two sisters. As a result, plaintiff claimed to be entitled to $33,000.
To obtain the waiver in an expeditious manner, the parties signed an agreement which stated that "[i]n consideration of [plaintiff's] agreement to execute [the probate waiver], [defendant] agree[d] to deliver the sum of $33,000 to [her] closing attorney upon the sale of [her] apartment," to be held by him as escrow agent and "shall only be released upon [the parties'] joint written instructions."
Plaintiff commenced the instant action contending that this agreement unambiguously required defendant to pay him $33,000 upon the closing of the co-op. Defendant asserted a counterclaim which sought a declaration that the money held in escrow should be released to her since plaintiff never produced any proof that substantiated his claim that her husband executed a subsequent will entitling plaintiff to $33,000.
Defendant was entitled to summary judgment on her counterclaim and to dismissal of the complaint. The agreement unambiguously provides that defendant promised to place the $33,000 from the sale of the co-op into her attorney's escrow account, which would only be released upon joint written instructions by the parties. Since there was no promise to release the money unconditionally, as plaintiff contends, there is no breach of contract. Moreover, it would be improper to read into the agreement the additional obligation, as suggested by plaintiff, that the parties agreed to release the money to plaintiff upon the closing of the co-op (see Kolmar Ams., Inc. v Bioversel Inc., 89 AD3d 493, 494 [1st Dept 2011]). Additionally, defendant's counterclaim for the release of the money to her is based on the undisputed fact that the [*2]agreement was necessary because of plaintiff's claim that a subsequent Will existed. By agreeing to "deposit" the money into escrow and only release it upon joint written approval, the agreement reflected an intent to set aside the money pending further discussions. However, it is undisputed that plaintiff has failed to produce any evidence substantiating his position. Therefore, no outstanding factual issues remain.
Prejudgment interest was correctly awarded. CPLR 5001 mandates an award of interest in breach of contract actions (see CPLR 5001; J. D'Addario & Co., Inc. v Embassy Indus., Inc., 20 NY3d 113, 117 [2012]). Contrary to plaintiff's contention, "[t]here is no requirement that the breaching party obtain some benefit from the wronged party's money for statutory interest to be paid" (id.). Moreover, Manufacturer's & Traders Trust Co. v Reliance Ins. Co., 8 NY3d 583 (2007), a case relied upon by plaintiff, is factually distinguishable because the issue of which party was in breach of the agreement is central to this action, a sum and a judgement was awarded against plaintiff in defendant's favor and defendant was deprived of the use of the money in escrow, due to the competing contractual claims between the parties.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK