Lynch v HUB Intl. Group Northeast Inc. (2024 NY Slip Op 00740)

Lynch v HUB Intl. Group Northeast Inc.

2024 NY Slip Op 00740

Decided on February 13, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2024

Before: Webber, J.P., Singh, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 656934/20 Appeal No. 1634 Case No. 2023-00259 

[*1]Laurence P. Lynch, Plaintiff-Appellant,
v
HUB International Group Northeast Inc., et al., Defendants-Respondents.

Himmel & Bernstein, LLP, New York (Tracey S. Bernstein of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Lisa Fleischmann of counsel), for respondents.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered December 15, 2022, which granted defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's breach of contract claim arising from defendants' failure to make the second earnout payment, and otherwise affirmed, without costs.
This is a dispute concerning contingent earnout payments allegedly due under the parties' asset purchase agreement (APA). Under the APA, earnout payments would become due for a specified earnout period if the final adjusted earnings before interest, taxation, depreciation and amortization (EBITDA) for that period met or exceeded the pro forma EBITDA, as those terms are defined in the APA. Section 3.3(c) of the APA sets forth a process for resolving disputed EBITDA calculations. If plaintiff disagreed with any calculations in an earnout statement, he had the right, within thirty days, to deliver to defendants "a written notice of disagreement" of the calculation. Section 3.3(c)(ii) of the APA provides:
"If [plaintiff] does not duly and timely deliver a notice of disagreement to [defendants] that complies with Section 3.3(c)(i), or if [plaintiff] delivers a notice to [defendants] that confirms [plaintiffs'] acceptance of [defendants'] calculations, then the applicable Earnout Statement . . . and the amount of the Earnout Payment. . . shall be deemed to have been accepted and shall be final, binding and conclusive on the parties."
Pursuant to the APA, the delivery of a notice of disagreement would initiate a 30-day period during which the parties were to negotiate in good faith to resolve all disputes specified in the notice. If the parties were unable to resolve the dispute within thirty days, the parties were to "jointly engage and submit the unresolved disputed items and amounts for resolution to an independent nationally recognized accounting firm mutually acceptable" to both parties. The accounting firm was to act "as an expert in accounting, and not as an arbitrator, to resolve the unresolved disputed items and amounts in accordance with the definition of Adjusted EBITDA" and based "solely on the written submissions of [the parties] and not on independent review." The firm's determination of the disputed calculations would "be final, binding and conclusive on the parties." Plaintiff disputed certain earnout statements and this litigation ensued. Further, APA Section 3.3(i) separately prohibits defendants from taking "any action the primary intent of which is to reduce the Adjusted EBITDA for any Earnout Period to avoid the payment of the applicable Earnout Payment."
The motion court properly dismissed plaintiff's claims for breach of contract arising from the first and third earnout payments. When plaintiff delivered written acceptance of the earnout statements for those periods, "the amount[s] of the Earnout Payment[s] . . . set forth therein" were "deemed . . . accepted" and were "final, [*2]binding and conclusive on the parties" per the unambiguous language of the APA (see Kolmar Ams., Inc. v Bioversel Inc., 89 AD3d 493, 494 [1st Dept 2011]).
However, the court improperly dismissed plaintiff's claim arising from the second earnout payment calculation. In his disagreement letter concerning the second earnout payment calculation, plaintiff questioned the EBITDA calculation, and asserted that defendants had taken actions with the "primary intent" of reducing the second earnout payment. Section 3.3(c)'s alternative dispute resolution (ADR) process is specifically limited to disputes about defendants' calculations of adjusted EBIDTA and consequent earnout payment calculations. It also states that the accounting firm "shall act as an expert in accounting, and not as an arbitrator." Accordingly, this narrowly defined process limits the issues encompassed by the clause to accounting and mathematical disputes — not to legal and factual disputes regarding whether defendants acted in bad faith (see Signal Capital Holdings Corp. v Banc of Am. Leasing & Capital, LLC, 101 AD3d 488, 488 [1st Dept 2012]; see also XL Capital Ltd. v Kronenberg III, 2004 WL 2101952, at *2 [SD NY 2004], affd 145 Fed Appx 384 [2005]; McDonnell Douglas Fin. Corp. v Pennsylvania Power & Light Co., 858 F2d 825, 832-833 [2d Cir 1988]).
Further, on this pre-answer motion to dismiss, defendants did not show that plaintiff waived his right to pursue his "primary intent" claim as a matter of law merely by raising the issue in his letter objecting to the second earnout period calculations and waiting for several years to bring suit. Waiver "should not be lightly presumed" and must be based on "a clear manifestation of intent" to abandon contractual protections; generally, this is a question of fact, rarely resolved by motion (Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P., 7 NY3d 96, 104 [2006]). Notably, Section 12.3 of the APA states that "[n]o course of conduct or failure or delay by any party in exercising any right, power or privilege hereunder shall operate as a waiver thereof . . ." (see Goldberg v Manhattan Mini Stor. Corp., 225 AD2d 408, 408 [1st Dept 1996]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2024